**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| 11 | TONY J. LOPEZ,                     ) | No. C 04-01877 JW (PR) |
| 12 | Petitioner,        ) | |
| 13 | vs.                              ) | ORDER TO SHOW CAUSE; DENYING MOTIONS FOR EVIDENTIARY HEARING AND |
| 14 | A. A. LAMARQUE, Warden,            ) | APPOINTMENT OF COUNSEL |
| 15 | Respondent.           ) | |
| 16 | | (Docket No. 19 & 21) |

17

18          Petitioner, a prisoner at the California State Prison in Corcoran, California,

19    filed a <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,

20    challenging his state conviction.  Petitioner has filed a motion for an evidentiary

21    hearing (Docket No. 19) and a motion for appointment of counsel ( Docket No. 21).

22

23                              **BACKGROUND**

24          According to the petition, petitioner plead guilty in Superior Court for the

25    State of California in and for the County of Santa Clara to four counts of lewd or

26    lascivious acts.  Petitioner was sentenced to thirty-two years in state prison.

27

28    Order to Show Cause; Denying Evid Hearing and Appt of Counsel
N:\Pro - Se\8.20.2007\04-1877 Lopez1877_osc.wpd

United States District Court

For the Northern District of California

1   Petitioner alleges that he appealed his conviction in state court.  The

2   California Court of Appeal affirmed his conviction on or about October 7, 2003.

3   The Supreme Court of California denied review on or about December 23, 2003.

4   Petitioner filed a federal habeas petition on May 12, 2004, which was dismissed with

5   leave to amend.  On May 3, 2005, petitioner filed an amended petition.  The Court

6   dismissed all claims therein except for the claim of ineffective assistance of counsel,

7   which petitioner was given leave to amend.  On July 25, 2007, petitioner filed the

8   instant second amended petition which is now before the Court for initial review.

9

10                                    **DISCUSSION**

11   A.    Standard of Review

12   This court may entertain a petition for a writ of habeas corpus "in behalf of a

13   person in custody pursuant to the judgment of a State court only on the ground that

14   he is in custody in violation of the Constitution or laws or treaties of the United

15   States."  28 U.S.C. § 2254(a).

16   It shall "award the writ or issue an order directing the respondent to show

17   cause why the writ should not be granted, unless it appears from the application that

18   the applicant or person detained is not entitled thereto."  Id. § 2243.

19   B.    Legal Claims

20   Petitioner alleges that his counsel rendered ineffective assistance in wrongly

21   advising him to accept the plea agreement in order to avoid a life sentence if they

22   went to trial.  Petitioner claims that there was no risk of a life sentence because he

23   was factually innocent of the additional charges which counsel advised could be

24   brought against him if they rejected the plea.  Petitioner claims that counsel coerced

25   him into pleading guilty on all counts without negotiating for a lower sentence.

26   Liberally construed, petitioner's claim appears cognizable under § 2254, and merits

27

28   Order to Show Cause; Denying Evid Hearing and Appt of Counsel
     N:\Pro - Se\8.20.2007\04-1877 Lopez1877_osc.wpd        2

1    an answer from respondent.  See Strickland v. Washington, 466 U.S. 668, 687

2    (1984); see Hill v. Lockhart, 474 U.S. 52, 56-57 (1985).

3    C.    Evidentiary Hearing

4         Petitioner's motion for an evidentiary hearing (Docket No. 19) is DENIED.

5    The Court will order an evidentiary hearing sua sponte if it later determines that a

6    hearing is necessary to aide in the resolution of this matter.

7    D.    Appointment of Counsel

8         Petitioner's motion for appointment of counsel (Docket No. 21) is DENIED

9    without  prejudice.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986)

10   (unless an evidentiary hearing is required, the decision to appoint counsel in habeas

11   corpus proceedings is within the discretion of the district court).  Petitioner clearly

12   presented his claims for relief in the petition and an order to show cause is issuing.

13   Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner

14   had no background in law, denial of appointment of counsel within discretion of

15   district court where petitioner clearly presented issues in petition and accompanying

16   memorandum).  The Court will appoint counsel on its own motion if it determines

17   an evidentiary hearing is required.  See Knaubert, 791 F.2d at 728 (appointment of

18   counsel mandatory if evidentiary hearing is required).

19

20                              **CONCLUSION**

21        For the foregoing reasons and for good cause shown,

22        1.    The clerk shall serve by certified mail a copy of this order and the

23   petition and all attachments thereto on respondent and respondent's attorney, the

24   Attorney General of the State of California.  The clerk also shall serve a copy of this

25   order on petitioner.

26        2.    Respondent shall file with the court and serve on petitioner, within

27

28   Order to Show Cause; Denying Evid Hearing and Appt of Counsel
     N:\Pro - Se\8.20.2007\04-1877 Lopez1877_osc.wpd         3

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1   **ninety (90) days** of the issuance of this order, an answer conforming in all respects

2   to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of

3   habeas corpus should not be issued.  Respondent shall file with the answer and serve

4   on petitioner a copy of all portions of the state trial record that have been transcribed

5   previously and that are relevant to a determination of the issues presented by the

6   petition.

7          If petitioner wishes to respond to the answer, he shall do so by filing a

8   traverse with the court and serving it on respondent within **forty-five (45) days** of

9   his receipt of the answer.

10         3.     Respondent may file a motion to dismiss on procedural grounds in lieu

11  of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules

12  Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall

13  file with the court and serve on respondent an opposition or statement of non-

14  opposition within **thirty (30) days** of receipt of the motion, and respondent shall file

15  with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of

16  any opposition.

17         4.     Petitioner is reminded that all communications with the court must be

18  served on respondent by mailing a true copy of the document to respondent's

19  counsel.  Petitioner must also keep the court and all parties informed of any change

20  of address.

21         This order terminates Docket Nos. 19 and 21.

22

23  DATED:     August 12, 2007          _____James Ware_____

24                                     JAMES WARE
                                       United States District Judge

25

26

27

28  Order to Show Cause; Denying Evid Hearing and Appt of Counsel
    N:\Pro - Se\8.20.2007\04-1877 Lopez1877_osc.wpd          4